**Dated: September 27, 2021**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>MULE SKY LLC, et al.,<br><br>*Reorganized Debtors.* | Chapter 11<br>Case No. 20-35561 (DRJ)<br>UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT TEXAS<br>   (Jointly Administered)<br><br>(Formerly Jointly Administered under Lead<br>Case Gulfport Energy Corporation, 20-35562) |
| ROBERT T. STEPHENSON AND SANDRA J. BASS, as the Successor Co-Trustees of the Robert J. Stephenson Living Trust, dated January 28, 2004, an express trust; and NORMA E. STEPHENSON, Trustee of the Norma Stephen Living Trust, dated July 29, 1991, an express trust,<br><br>                        *Plaintiffs,*<br>v.<br><br>GULFPORT ENERGY CORPORATION, a Delaware business corporation; GULFPORT MIDCON, LLC, a Delaware limited liability company; SCOOP ACQUISITION COMPANY, LLC, a Delaware limited liability company; and CONTINENTAL RESOURCES, INC., an Oklahoma business corporation,<br><br>                        *Defendants.* | Case No. 21-01047-SAH<br> Adversary |

## REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' AND GULFPORT DEFENDANTS' JOINT <u>MOTION TO WITHDRAW REFERENCE</u>

Before the Court is Plaintiffs' and Gulfport Defendants' Joint Motion to Withdraw the Reference [Doc. 24], filed on September 2, 2021 (the "Motion"), by defendants Gulfport Energy Corporation and Gulfport MidCon L.L.C. (f/k/a SCOOP Acquisition Company, LLC) (collectively, "Gulfport Defendants") and plaintiffs Robert T. Stephenson and Sandra J. Bass, Successor Co-trustees of the Robert L. Stephenson Living Trust dated January 28, 2004, an express trust and Norma E. Stephenson, Trustee of the Norma E. Stephenson Living Trust dated July 29, 1991, an express trust (collectively, "Plaintiffs"). In the Motion, Gulfport Defendants and Plaintiffs jointly seek withdrawal of the reference of this adversary proceeding (the "Adversary Proceeding") from this Court to the United States District Court for the Western District of Oklahoma (the "Western District Court"). Pursuant to LCvR 81.4(b)(5), the following constitutes this Court's written recommendation on the Motion.[1]

### <u>Facts</u>[2]

1.     Plaintiffs brought suit against Gulfport Defendants and others on November 12, 2020, in the District Court of Grady County, State of Oklahoma (the "Grady County District Court"), Case No. CV-2020-134 (the "State Court Action").

---

[1]All initially capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

[2]As the Motion is a "joint" motion, and counsel for both Plaintiffs and Gulfport Defendants signed the Motion on behalf of their respective clients, the Court treats the "Procedural History" in the Motion as stipulated facts.

2.      In the State Court Action, Plaintiffs sought various forms of relief, including the

following:

> [C]laims for relief in quiet title, declaratory judgment, violation of
> the Oklahoma Production Revenue Standards Act at 52, §§ 570.1-
> 570.15, breach of contract, and specific performance regarding
> overriding royalty interests ("ORRI"), carried oil and gas leasehold
> working interests ("CWI"), and subsequently acquired interests
> ("SAI") covering all or portions of seventeen governmental
> sections, all in Grady County, Oklahoma.  The Plaintiffs assert as
> the basis for their claim that the CWI and SAI derive from a certain
> letter agreement, dated April 27, 1979 (the "Letter Agreement");
> the Plaintiffs assert as the basis for relief for their claim that the
> ORRI derive from instruments and conveyances of record with the
> Grady County Clerk.

Motion, p. 4, ¶ 5; Notice of Removal of State Court Action [Doc. 1], filed on June 22, 2021

(the "Notice"), p. 5, ¶ 9.[3]

3.      On November 13, 2020, each of the Gulfport Defendants filed a voluntary petition under

chapter 11 with the United States Bankruptcy Court for the Southern District of Texas

(the "Texas Bankruptcy Court"), which bankruptcy cases are being jointly administered

under Case No. 20-35561 (the "Chapter 11 Cases").  Motion, p. 4, ¶ 6.

4.      Plaintiffs filed proofs of claim in the Chapter 11 Cases.  Motion, p. 4, ¶ 7.[4]

---

[3]The basis of Plaintiffs' claim is that the CWI and SAI derive from a certain letter
agreement, dated April 27, 1979 ("Letter Agreement"), and the ORRI derives from instruments
and conveyances filed in Grady County, Oklahoma.  Motion, p. 4, ¶ 5.  Gulfport Defendants
assumed the Letter Agreement in the Bankruptcy Case.  Motion, p. 8, ¶ 16.

[4]Per the Motion, Plaintiffs filed a total of 18 proofs of claim in the Bankruptcy Case.
All but 4 of the proofs of claim have either been disallowed or withdrawn.  See
https://dm.epiq11.com/case/gulfport/claims.  Claim Nos. 1125, 1127, 1128, and 1130 each
reference the State Court Action and attach a copy of the petition filed by Plaintiffs in the State
Court Action.  Gulfport Defendants and Plaintiffs did not provide the current status of such
claims, but presumably they are deemed allowed as not subject to objection (as none are noted
(continued...)

5.      An order confirming Gulfport Defendants' amended  chapter 11 plan (the "Plan") was

entered by the Texas Bankruptcy Court on April 27, 2021.  Motion, p. 5, ¶ 9. The

objection of Stephenson Resources LLC to confirmation was resolved by inclusion of

certain language in the confirmation order.  Motion, p. 5, ¶ 8.  See also Gulfport

Defendants' Motion for Entry of an Order Transferring Venue to the United States

Bankruptcy Court for the Southern District of Texas Combined with Notice of

Opportunity for Hearing and Brief in Support [Doc. 14 - withdrawn], filed on August 5,

2021, Exhibit A (Order (i) Confirming the Amended Joint Chapter 11 Plan of

Reorganization of Gulfport Energy Corporation and its Debtor Subsidiaries and

(ii) Granting Related Relief entered in the Chapter 11 Cases on April 27, 2021,

pp. 54-55, ¶ 67).[5]

_____

[4](...continued)
on the claims register).  11 U.S.C. § 502(a).

        [5]The agreed language provides:  "For the avoidance of doubt, nothing in the Plan or this
Confirmation Order shall alter, affect, modify, impair, or discharge any of the rights, interests,
defenses, and obligations of the Debtors, Reorganized Debtors, or, to the extent they are Holders
of Royalty or Working Interests, Robert T. Stephenson and Sandra J. Bass, as Successor
Co-Trustees of the Robert L. Stephenson Living Trust, and Norma E. Stephenson, Trustee of the
Norma E. Stephenson Living Trust (together, with any successors and assigns, the "Stephenson
Parties") with respect to (i) the rights, interests, claims or defenses in the litigation styled
Stephenson v. Gulfport Energy Corporation, Case No. 2020-134, in the District Court of Grady
County, Oklahoma, or any related/subsequent litigation, (the "Stephenson Litigation") or (ii) any
Claims or obligations on account of Royalty and Working Interests relating thereto, and any
agreements, documents, or instruments relating thereto, assumed pursuant to Article V.J of the
Plan (collectively, the "Stephenson Cure Claims").  For the avoidance of doubt, the exculpation
and release provisions of Article V.III of the Plan shall not discharge, modify, affect, or impair
the Stephenson Cure Claims or any Royalty and Working Interests assumed pursuant to Article
V.J of the Plan.  Nothing in the Plan or this Confirmation Order shall be construed as a
determination (i) that the interests and monies at issue in the Stephenson Litigation are property
of the Debtors' estates or (ii) of the amount or nature of any Stephenson Cure Claim associated
                                                                                           (continued...)

4

6.      The Plan became effective on May 17, 2021, and Gulfport Defendants emerged from

chapter 11.  Motion, p. 5, ¶ 10.  Nevertheless, the Texas Bankruptcy Court continues to

oversee adversary proceedings and other matters related to the Chapter 11 Cases.

Motion, pp. 5-6, ¶ 10.

7.      On June 22, 2021, Gulfport Defendants filed the Notice [Doc. 1] and removed the State

Court Action from Grady County District Court to this Court, thereby commencing the

Adversary Proceeding.  Doc. 1; Motion, p. 6, ¶ 12.

8.      Gulfport Defendants and Plaintiffs agree this Adversary Proceeding should proceed in the

Western District Court.  Motion, p. 6, ¶ 13.

9.      Resolution of this Adversary Proceeding "will determine the cure amount Gulfport

Defendants must pay Plaintiffs, if any, in connection with Gulfport Defendants'

assumption of the Letter Agreement" in the Chapter 11 Cases.  Motion, p. 8, ¶ 16.

## JURISDICTION

Subject matter jurisdiction of a bankruptcy court is determined at the time an action is

commenced, and subsequent events do not affect it.  Empire State Bldg. Co., L.L.C. v. New

York Skyline, Inc. (In re New York Skyline, Inc.), 471 B.R. 69, 78 (Bankr. S.D. N.Y. 2012)

(citing Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)).  Pursuant to

---

[5](...continued)
with the assumption of any executory contract at issue in the Stephenson Litigation. The
Stephenson Parties' rights to seek recovery against the Reorganized Debtors for amounts owed
on account of the Stephenson Parties' Royalty or Working Interest in the Stephenson Litigation
and any Stephenson Cure Claims are fully reserved and shall survive the Effective Date.  The
Debtors and the Reorganized Debtors reserve all rights, interests, defenses, counterclaims, and
the like with respect to the Stephenson Cure Claims, and nothing herein shall be interpreted as
an admission as to the validity or amount of any such Claim."

5

28 U.S.C. § 1334, the federal district courts have original and exclusive jurisdiction over cases under Title 11 of the United States Code (bankruptcy cases) and over all property of a bankruptcy estate. 28 U.S.C. 1334(a) and (e)(1). Such courts have original *but not* exclusive jurisdiction over "civil proceedings arising under [T]itle 11, or arising in or related to cases under [T]itle 11." 28 U.S.C. § 1334(b). Plaintiffs and Gulfport Defendants assert the Adversary Proceeding is only "related to" the Bankruptcy Case.

By statute, federal district courts may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11, or arising in or related to a bankruptcy case, shall be referred to the bankruptcy judges for their respective districts. 28 U.S.C. § 157(a).[6] Based on the referral, bankruptcy courts have the authority to "hear and determine" all "core proceedings arising under [T]itle 11, or arising in a case under [T]itle 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 of this [T]itle." 28 U.S.C. 157(b)(1). A non-exclusive list of "core proceedings" is set forth in 28 U.S.C. § 157(b)(2) and includes "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate," and "counterclaims by the estate against persons filing claims against the estate."

Non-core matters are "those that are 'not . . . core' but are 'otherwise related to a case under [T]itle 11.'" Executive Benefits Ins. Agency v. Arkison, 573 U.S. 25, 34 (2014) (citing 28 U.S.C. § 157(c)(1)). Non-core matters do not depend on the Bankruptcy Code for their existence and can proceed in another court outside of bankruptcy. Gardner v. United States

---

[6]Pursuant to LCvR 81.4(a), the District Court has made the reference to this Court of all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a bankruptcy case.

(In re Gardner), 913 F.2d 1515, 1517-18 (10th Cir. 1990) (first citing United States v. Farmers State Bank of Leed (In re Alexander), 49 B.R. 733, 736 (Bankr. D. N.D. 1985); and then citing Wood v. Wood (In re Wood), 825 F.2d 90, 96 (5th Cir. 1987)).  A proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  Gardner, 913 F.2d at 1518.  There is, however, no statutory definition for determining if a matter falls within a bankruptcy court's "related to" subject matter jurisdiction.  Benedictine College, Inc. v. Century Office Products, Inc., 866 F.Supp. 1323, 1326 (D. Kan. 1994);  Professional Home Health Care, Inc. v. Complete Home Health Care, Inc. (In re Professional Home Health Care, Inc.), 2002 WL 1465914, at *2 (Bankr. D. Colo. July 2, 2002).

The outer limits of a bankruptcy court's subject matter jurisdiction are those matters "related to" a case under Title 11.  Bankruptcy courts are authorized to hear non-core matters related to a bankruptcy case.  However,

> Put simply:  If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court.  If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment.

Executive Benefits, 573 U.S. at 34.  See also 28 U.S.C. § 157(c).

The request to withdraw the reference of the Adversary Proceeding must be analyzed against this statutory backdrop.

**RECOMMENDATION 1:   THE CLAIMS RAISED IN THE ADVERSARY
PROCEEDING ARE NON-CORE.**

Plaintiffs and Gulfport Defendants assert the Adversary Proceeding is not a core

proceeding but is only "related to" the Chapter 11 Cases and, thus, non-core.  This Court agrees.

The State Court Action was filed before the Bankruptcy Case was commenced, ***and*** the claims

set forth therein exist independent of the Bankruptcy Code.  Accordingly, the State Court Action

and the claims raised therein satisfy the "non-core, related to" test set forth in Gardner, 913 F.2d

at 1518 (citing Nat'l Acceptance Co. of Am. v. Price (In re Colorado Energy Supply, Inc.),

728 F.2d 1283, 1286 (10th Cir. 1984)).

When the State Court Action was removed and the Adversary Proceeding was

commenced, the claims against Gulfport Defendants, and now the counterclaim raised by

Gulfport Defendants (MidCon only), were "related to" to the Chapter 11 Cases because "the

outcome could alter [Gulfport Defendants'] rights, liabilities, options, or freedom of action in any

way, thereby impacting on handling and administration of the bankruptcy estate."  Gardner,

913 F.2d at 1518; New York Skyline, 471 B.R. at 78-79.  In fact, "[r]esolution of the Adversary

Proceeding will determine the cure amount Gulfport Defendants must pay [] Plaintiffs, if any, in

connection with the Gulfport Defendants' assumption of the Letter Agreement."  Motion, p. 8,

¶ 16.  Thus, the claims raised by Plaintiffs in the State Court Action will affect, at a minimum,

the bankruptcy estate's cure obligations arising out of assuming the Letter Agreement.

Admittedly, proceedings to determine cure costs associated with the assumption of an

executory contract or unexpired lease[7] are generally viewed as core matters as such proceedings

---

[7]The assumption or rejection of executory contracts and unexpired leases is also
(continued...)

concern rights created by the Bankruptcy Code arising only in a bankruptcy case.  New York

Skyline, 471 B.R. at 80 ("[T]he *Assumption Order* directed Skyline to escrow the money to pay

the attorneys' fee claim.  Although ESB's claim to attorneys' fees is based on contract, the

assumption motion was a core matter (citations omitted) . . . and the right to a prompt cure of

prepetition defaults is, at bottom, part of the claim allowance process which is fundamentally

core.  A bankruptcy court can, therefore, render a final judgment as to those cure costs.");

In re Legacy Reserves Operating LP, No. 19-33401, 2021 WL 1395880, at *3 (Bankr. S.D. Tex.

Apr. 12, 2021) ("The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The

determination of a cure payment due under an assumed executory contract is a core matter

pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(B).").  The claims in the Adversary Proceeding,

however, are not seeking to set or determine Gulfport Defendants' cure costs against Gulfport

Defendants under 11 U.S.C. § 365(b) arising from their assumption of the Letter Agreement;

nor are they seeking to otherwise allow Plaintiffs' claims against Gulfport Defendants in the

---

[7](...continued)
considered a "core" matter given the right to assume or reject a contract or lease arises only
under the Bankruptcy Code in a pending bankruptcy case.  Webster Place Ath. Club, LLC v.
Ramco-Webster Place, LLC (In re Webster Place Ath. Club, LLC), 605 B.R. 526, 531 (Bankr.
N.D. Ill. 2019) (first citing In re Texaco Inc., 77 B.R. 433, 437 (Bankr. S.D. N.Y. 1987); and
then citing In re Republic Oil Corp., 51 B.R. 355, 358 (Bankr. W.D. Wis. 1985)) ("Moreover,
as Plaintiff points out, lease assumption issues can only arise in the context of bankruptcy cases,
and are thus core proceedings."); In re OCA, Inc., No. 06-4328, 2006 U.S. Dist. LEXIS 69314,
at *11-12 (E.D. La. Sep. 26, 2006) ("Under 11 U.S.C. § 365(a), the trustee may assume or reject
any executory contract on behalf of the debtor, with the approval of the Bankruptcy Court. This
requires the Bankruptcy Court to exercise jurisdiction over the contracts in order to determine
whether they are in fact executory and then to determine whether assumption is proper. Because
this is a substantive right under Chapter 11, resolving whether the contracts are executory and
whether they can be assumed is a core function of the Bankruptcy Court.  See generally Wood,
825 F.2d at 95. In such cases, the Bankruptcy Court has jurisdiction to determine the existence of
executory contracts and any obligation to cure.  Id.").

Chapter 11 Cases. Rather, Plaintiffs are seeking a determination of the parties' relative rights in

and to ORRI, CWI, and SAI in Grady County, Oklahoma, and damages arising from breach of

contract and violations of the PRSA. While the outcome of the Adversary Proceeding may have

preclusive effect on the allowance of Plaintiffs' claims and cure costs in the Chapter 11 Cases –

thereby affecting the Chapter 11 Cases – the Adversary Proceeding exists independent of the

Bankruptcy Code and the Chapter 11 Cases, as evidenced by the ***pre-petition filing*** of the State

Court Action in the Grady County District Court. Swinson, Trustee of Mitchell v. Dealer Capital

Group, LLC, 2019 WL 1579595, at *1 (N.D. Okla. Apr. 12, 2019).

This Court recommends the Western District Court find the Adversary Proceeding is a

non-core, related proceeding.

**RECOMMENDATION 2:** **THIS COURT CANNOT ENTER FINAL ORDERS OR
JUDGMENTS IN THE ADVERSARY PROCEEDING AS
A NON-CORE RELATED PROCEEDING.**

> If a matter is core, the statute empowers the bankruptcy judge to
> enter final judgment on the claim, subject to appellate review by
> the district court. If a matter is non-core, and the parties have not
> consented to final adjudication by the bankruptcy court, the
> bankruptcy judge must propose findings of fact and conclusions
> of law. Then, the district court must review the proceeding de novo
> and enter final judgment.

Executive Benefits, 573 U.S. at 34. The Motion argues this Court does not have jurisdiction to

enter a final order and judgment in the Adversary Proceeding because it is "a related-to, but

non-core, proceeding, and [] Plaintiffs maintain that they are entitled and shall demand a trial by

jury under Fed. R. Civ. P. 38 and 81 within 14 days of entry of an order withdrawing the

reference by the District Court, and [] Gulfport Defendants and [] Plaintiffs do not consent to"

this Court's authority to adjudicate this matter. Motion, pp. 8-9, ¶ 17.[8] This Court agrees.

**A.      28 U.S.C. § 157(c) - This Court Cannot Enter Final Orders and Judgments in the Adversary Proceeding.**

In a non-core, related proceeding a bankruptcy court has jurisdiction to hear the

proceeding but cannot enter a final determination on the claims without the consent of all parties.

28 U.S.C. § 157(c)(1) and (2); Swinson, 2019 WL 1579595, at *1 (citing Wellness Int'l

Network, Ltd. v. Sharif, 135 S. Ct. 1932 (2015)). In the Adversary Proceeding, Plaintiffs do not

consent to the final determination of issues by this Court. Motion, pp. 12-13, ¶ 23. As a result,

if the reference is not withdrawn, this Court is limited to making proposed findings of fact and

conclusions of law for submission to the Western District Court. 28 U.S.C. § 157(c)(1).

**B.      28 U.S.C. § 157(e) - This Court Cannot Conduct a Jury Trial without the Consent of all of the Parties.**

Per the Motion, Plaintiffs' petition in the State Court Action raises claims for quiet title,

declaratory judgment, violation of the PRSA, breach of contract, and specific performance.

Motion, p. 4, ¶ 5. Plaintiffs claim a right to a jury trial on their claims. The right to a jury trial

under the Seventh Amendment, however, attaches to actions at law, not to those in equity.

Mile High Indus. v. Cohen, 222 F.3d 845, 856 (10th Cir. 2000) (citing Manning v. United States,

146 F.3d 808, 811-12 (10th Cir. 1998)). Thus, Plaintiffs have the right to a jury trial on their

---

[8]The Motion characterizes the Adversary Proceeding as determining and allowing Gulfport Defendants' cure costs owed to Plaintiffs due to assumption of the Letter Agreement. At first glance, this would seem to cause the Adversary Proceeding to be a core matter rather than a related to, non-core matter over which this Court can enter final judgment. However, as set forth above, the underlying claims exist outside of the Bankruptcy Code and were brought prior to the Bankruptcy Case even being commenced. They are classic non-core, related to claims. [Doc. 25, entered on September 7, 2021].

claims for breach of contract and for violation of the PRSA.[9]  MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp., No. CIV-06-1345-M, 2009 WL 10674501, at *4 (W.D. Okla. Dec. 30, 2009) (when a claim is essentially for a debt allegedly due under a contract, "it would be difficult to conceive of an action more legal in nature" to which a right to jury trial arises).  28 U.S.C. § 157(e) prohibits a bankruptcy court from conducting a jury trial without the express consent of all parties, and Plaintiffs do not consent to a jury trial by this Court.  28 U.S.C. § 157(e); Motion, pp. 8-9, ¶ 17.  Ordinarily, this would suggest withdrawal of the reference is appropriate.  However, this Court finds two barriers to Plaintiffs' right to a jury trial in the Adversary Proceeding.

### 1.     No Demand for a Jury Trial has been Made.

No jury trial demand has been made at this point.  Plaintiffs' intentions with respect to their purported jury trial right are ambiguous at best and misleading at worst.  Specifically, the Motion states:

- "At the time of this Joint Motion, Plaintiffs have not yet demanded a jury trial.  ***Plaintiffs will comply with FED. R. CIV. P. 38 and 81 by filing a Jury Demand, if they choose to demand a jury***, within 14 days of the entry by the District Court of an Order Withdrawing the Reference."  Motion, p. 7, fn. 3.

- "***Plaintiffs*** maintain that they are entitled and ***shall demand a trial by jury*** under FED. R. CIV. P. 38 and 81 within 14 days of entry of an order withdrawing the reference by the District Court." Motion, p. 8, ¶ 17.

- "***Plaintiffs will demand a jury*** under FED. R. CIV. P. 38 and 81 within 14 days after entry of an order withdrawing the reference of this proceeding by the District Court."  Motion, pp. 10-11, ¶ 20.

---

[9]The remedy for violation of the PRSA is a right to recover actual damages and specific performance where equitable.  Okla. Stat. tit. 52, § 570.14.

- "*Plaintiffs* do not consent to the Bankruptcy Court's entry of a final order in the Adversary Proceeding and *may demand a trial by jury* under Oklahoma law and FED. R. CIV. P. 38 and 81." Motion, pp. 12-13, ¶ 23.

- "In sum, a withdrawal of the reference is appropriate and warranted here, where the proceeding is related to the Chapter 11 Cases but non-core, judicial economy and the convenience of the Parties weigh in favor of withdrawal, and the *Plaintiffs may demand a trial by jury* under FED. R. CIV. P. 38 and 81." Motion, p. 13, ¶ 25.

The lack of consistency is remarkable. "Where, as here, the demand has not been made and may indeed never be made, it is even more appropriate not to withdraw the reference on that basis." Northwestern Inst. of Psychiatry, Inc. v. The Travelers Indemnity Co. (In re Northwestern Inst. of Psychiatry, Inc.), 268 B.R. 79, 92 (Bankr. E.D. Penn. 2001); Wakefern Food Corp. v. C & S Wholesale Grocers, Inc. (In re Big V Holding Corp.), 2002 WL 1482392, at *5 (D. Del. July 11, 2002) (the "potential entitlement [to a jury trial] at some future date is not sufficient grounds to withdraw the reference at this time").

### 2.    Plaintiffs Waived Their Right to a Jury Trial.

"[T]he United States Supreme Court has consistently held that a creditor who files a proof of claim against the estate of a bankrupt consents to the jurisdiction of the bankruptcy court for a full determination of the claims between the creditor and the estate." Malloy v. Zeeco, Inc. (In re Applied Thermal Systems, Inc.), 294 B.R. 784, 788 (Bankr. N.D. Okla. 2003) (citing Langenkamp v. Culp, 498 U.S. 42, 44 (1990)). Filing a proof of claim waives the Seventh Amendment right to a jury trial. Applied Thermal, 294 B.R. at 789 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-59 (1989)); Commercial Fin. Servs., Inc. v. Jones (In re Commercial Fin. Servs. Inc.), 251 B.R. 397, 404 (Bankr. N.D. Okla. 2000) (citing Langenkamp, 498 U.S. at 44-45); Harpole Constr., Inc. v. Medallion Midstream, LLC (In re Harpole Constr., Inc.), 565 B.R. 193, 197-198 (Bankr. D. N.M. 2017). "'Once a party has triggered this process of

allowance and disallowance of claims, that party has subjected itself to the bankruptcy court's equitable jurisdiction and thus can no longer demand a right to a trial by jury.'" Harpole Constr., 565 B.R. at 198 (first citing SNA Nut Co. v. Haagen-Dazs Co., Inc., 302 F.3d 725, 730 (7ᵗʰ Cir. 2002); and then citing Capital Assocs. Int'l, Inc. v. Banc One Leasing Corp. (In re Capital Assocs. Int'l, Inc.), 2003 WL 26057510, at *6 (Bankr. N.D. Tex. Aug. 6, 2003) (creditor may lose its jury trial right if it asserts a claim that invokes the claims allowance process or the hierarchical ordering of creditor claims, or if the dispute is integral to restructuring the debtor-creditor relationship)).

From this Court's review of the Gulfport Debtors' claims register, Plaintiffs filed 18 proofs of claim, 7 have been withdrawn, 7 have been disallowed, and 4 remain filed.[10] By filing their proofs of claim, Plaintiffs subjected themselves to the jurisdiction of the Texas Bankruptcy Court and waived their right to a jury trial – "a creditor loses its jury trial right only with respect to claims whose resolution affects the allowance or disallowance of the creditor's proof of claim

---

[10]Plaintiffs, in their Motion to Remand and Abstain and Brief-in-Support, Request for Fees and Expenses, and Notice of Opportunity for Hearing filed on August 5, 2021, [Doc. 15 - withdrawn] (the "Motion to Remand"), point out the following Plan language: "Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed disallowed and expunged as of the later of (1) the date of entry of an order of the Bankruptcy Court . . . approving such assumption, (2) the effective date of such assumption or (3) the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court." Motion to Remand, Exhibit A, Plan p. 43 Article V(C). This language, however, is contrary to Plaintiffs' assertion in the Motion that 4 claims were neither withdrawn nor disallowed. Motion, pp. 4-5, ¶ 7 n.1. Furthermore, "[a] party simply cannot file a claim and then later try to resurrect a right to a jury trial by belatedly withdrawing the claim." Musselman v. Jasgur (In re Seminole Walls & Ceilings Corp.), 336 B.R. 539, 543 (Bankr. M.D. Fla. 2006). Despite the Plan's disallowance and expungement of Plaintiffs' proofs of claim, Plaintiff's right to a jury trial has not been resurrected.

14

or is otherwise so integral to restructuring the debtor-creditor relationship." <u>Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC</u>, 597 B.R. 466, 476 (Bankr. S.D. N.Y. 2019) (first citing <u>Bankr. Servs., Inc. v. Ernst & Young</u> (<u>In re CBI Holding Co., Inc.</u>), 529 F.3d 432, 466 (2d Cir. 2008); and then citing <u>Stern v. Marshall</u>, 564 U.S. 462, 496-99 (2011)).  The Joint Motion admits resolution of the Adversary Proceeding will effectively determine the cure costs associated with Gulfport Defendants' assumption of the Letter Agreement.  And, by filing proofs of Claim Nos. 1125, 1127, 1128, and 1130 based on the State Court Action in the Chapter 11 Cases, Plaintiffs invoked the claims allowance process and the Texas Bankruptcy Court's jurisdiction to determine and settle the debtor-creditor relationship between Plaintiffs and Gulfport Defendants.

The Court recommends the Western District Court find Plaintiffs waived their right to a jury trial by filing proofs of claim in the Chapter 11 Cases.  Nevertheless, because the Adversary Proceeding is a non-core, related matter, and Plaintiffs do not consent to this Court entering final orders and judgments in the Adversary Proceeding, this Court can, at best, enter proposed findings of fact and conclusions of law to be submitted to the Western District Court for review. 28 U.S.C. § 157(c)(1).

## RECOMMENDATION 3:   THE REQUIREMENTS FOR MANDATORY WITHDRAWAL ARE NOT PRESENT.

Mandatory withdrawal of the reference is required under 28 U.S.C. § 157(d) only if the court determines resolution of the proceeding requires consideration of both Title 11 and other federal laws regulating organizations or activities affecting interstate commerce.  <u>Byman v. Horwood Marcus and Berk Chartered</u> (<u>In re Align Strategic Partners LLC</u>, 2019 WL 2527221, at *1 (Bankr. S.D. Tex. Mar. 5, 2019) (first citing 28 U.S.C. § 157(d); and then citing <u>Levine v.</u>

M&A Custom Home Builder & Developer, LLC, 400 B.R. 200, 203 (S.D. Tex. 2008)).  For

mandatory withdrawal of the reference, in addition to bankruptcy issues, substantial and material

issues of non-bankruptcy *federal* law must be involved.  Solis v. Wahl (In re Wahl), 2012 WL

5199630, at *2 (N.D. Okla. Oct. 22, 2012) (citing In re Matter of Vicars Ins. Agency, Inc.

96 F.3d 949, 953 (7th Cir. 1996)).

   Based on the summary of Plaintiffs' claims in the Motion, the Adversary Proceeding does

not require consideration of the Bankruptcy Code or other federal law.  Rather, the claims in the

Adversary Proceeding are based solely on Oklahoma law.  Consequently, this Court recommends

the Western District Court find mandatory withdrawal of the reference is not required under

Section 157(d).

## RECOMMENDATION 4:   PERMISSIVE WITHDRAWAL OF THE REFERENCE IS WARRANTED UNDER 28 U.S.C. § 157(d).

   Section 157(d) allows a district court to withdraw the reference, in whole or in part, for

cause shown.  Several factors are generally considered when determining if cause exists to

withdraw the reference of the Adversary Proceeding:

> (1) whether the proceeding is core or non-core; (2) judicial
> economy; (3) uniformity in bankruptcy administration; (4)
> economical use of the debtors' and creditors' resources; (5)
> reduction of forum shopping and confusion; (6) expediting the
> bankruptcy process; and (7) the presence of a jury demand.

Wahl, 2012 WL 5199630, at *3 (citing Samson Resources Co. v. Valero Marketing and Supply

Co., 449 B.R. 120, 132 (D. N.M. 2011)).

   Applying the factors to this Adversary Proceeding, the Court finds:

1.   Core or non-core:  For the reasons set forth above, the Adversary Proceeding is a

   non-core matter.  This factor favors permissive withdrawal of the reference.

2.    <u>Judicial economy</u>:  Implementing Section 157(c) and requiring this Court to make proposed findings of fact and conclusions of law for consideration and review by the Western District Court will add an additional step to the judicial process and, consequently, will not be as efficient as having only one court consider and finally determine the claims raised.  Moreover, other than this Motion, neither this Court nor the Western District Court has any history with, nor knowledge of, the State Court Action, Gulfport Debtors, the Chapter 11 Cases, or Plaintiffs.[11]  If the reference is not withdrawn, then both this Court and the Western District Court will be required to become familiar with the facts and issues raised in the Adversary Proceeding and the State Court Action, resulting in unnecessary duplication of efforts.  Thus, judicial economy favors permissive withdrawal of the reference as one court reviewing and determining the issues is more efficient and economic than two courts doing the same.

3.    <u>Uniformity in bankruptcy administration</u>: As a non-core matter, the Adversary Proceeding does not involve bankruptcy issues within the expertise of this Court but rather interpretation and application of Oklahoma law.  Because the Adversary Proceeding does not require the expertise of a bankruptcy court, there is no strong preference for it to be resolved by a bankruptcy court.  <u>Wahl</u>, 2012 WL 5199630,

---

[11]This Court perceives the simple fact the Chapter 11 Cases are pending in the Texas Bankruptcy Court and not the Western District of Oklahoma as having a greater impact on judicial economy and efficiency than choosing between this Court and the Western District Court to determine this Adversary Proceeding.  The conclusion of the Adversary Proceeding will not terminate the issues between these parties.  Any decision made in this Adversary Proceeding by this Court or the Western District Court will then have to be considered and applied by the Texas Bankruptcy Court.  However, these concerns cannot be addressed in ruling on the Motion.

at *3 (first citing 28 U.S.C. § 157; then citing <u>Manning v. Methodist Hospitals</u> (<u>In re Merrillville Surgery Center, LLC</u>), 2012 WL 3732855 (N.D. Ind. Aug. 28, 2012); and then citing <u>Tyler v. McLane Foodservice, Inc.</u> (<u>In re QSM, LLC</u>), 453 B.R. 807, 811 (E.D. Va. 2011)).  This factor favors permissive withdrawal of the reference.

4.    <u>Economical use of debtor and creditor resources</u>: Gulfport Defendants and Plaintiffs are located in Oklahoma, and Oklahoma is undoubtedly a more convenient and economical venue for Plaintiffs than the Texas Bankruptcy Court. However, Gulfport Defendants selected the Texas Bankruptcy Court as the venue for the Chapter 11 Cases, notwithstanding their physical presence and location in Oklahoma.  As a result, it is difficult to reconcile Gulfport Defendants' argument that either this Court or the Western District Court is a more convenient and less costly forum for them.  Moreover, there is no difference in convenience or economics between this Court and the Western District Court – only an alley separates the two courts.[12]  This factor is neutral.

5.    <u>Reduction of forum shopping and confusion</u>: Gulfport Defendants forum shopped in filing the Chapter 11 Cases in the Texas Bankruptcy Court, and Plaintiffs chose Grady County as the venue for the State Court Action.  So, neither party will get their first choice for venue.  However, both parties now agree to the Western

---

[12]This Court recognizes, if the reference is not withdrawn, there will be additional costs associated with obtaining entry of final orders and judgments by the Western District Court as addressed in paragraph 2 above.

District Court as the forum to resolve their disputes.  This factor favors permissive withdrawal of the reference.

6.    <u>Expediting the bankruptcy process</u>:  Per the Motion, the Plan has been confirmed so the bankruptcy process is no longer in need of expediting.  Based on the parties' representation, the only bankruptcy matter that will be furthered by the Adversary Proceeding is the determination of the cure costs associated with Gulfport Defendants' assumption of the Letter Agreement.  The Court does not see any significant time difference between resolution of the Adversary Proceeding in this Court and the Western District Court.  Therefore, this factor is neutral.

7.    <u>Presence of a Jury Demand</u>:  For the reasons set forth above, Plaintiffs (i) may demand but, to date, have not demanded a jury trial in the State Court Action or the Adversary Proceeding and (ii) waived the right to a jury trial by filing proofs of claim in the Chapter 11 Cases.  This factor, therefore, does not favor permissive withdrawal of the reference.

In sum, the bulk of the factors favor permissive withdrawal of the reference.  Judicial economy and efficiency suggest withdrawal should be immediate rather than deferred as this Court is not presiding over the Chapter 11 Cases and has no familiarity and knowledge of (i) Gulfport Defendants and their businesses and reorganization and (ii) the claims and issues raised by the Adversary Proceeding.  <u>See</u>, <u>e.g.</u>, <u>Centrix Fin. Liquidating Trust v. Sutton (In re Centrix Fin., LLC)</u>, 2009 WL 1605826, at *3 (D. Colo. June 8, 2009) (first citing <u>Berger v. Watrous & Ehlers, P.C. (In re Kirk E. Douglas, Inc.)</u>, 170 B.R. 169, 170 (D. Colo.1994); and then citing <u>Jobin v.</u>

Kloepfer (In re M & L Bus. Mach. Co.., Inc.), 159 B.R. 932, 934 (D. Colo.1993)) ("Courts in this District have repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial.").

## **RECOMMENDATION**

For the reasons set forth above, this Court recommends the Western District Court immediately withdraw the reference of the Adversary Proceeding pursuant to 28 U.S.C. § 157(d).

IT IS SO ORDERED.

#   #   #